UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GEORGE BELL MCINTYRE<br>TDCJ #1770138,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| V. | § | EP-17-CV-163-DCG |
| LORIE DAVIS, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner George Bell McIntyre challenges Respondent Lorie Davis's custody over him through a *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1). He explains a jury in Pecos County, Texas, found him guilty on six counts of child sexual abuse and the trial court assessed punishment at seventy-five years' imprisonment.[1] He asserts the prosecutor engaged in misconduct and violated his due process rights.[2] He further asserts his counsel provided ineffective assistance.[3] Davis answers "McIntyre's petition should be dismissed with prejudice as it is time-barred."[4] After reviewing the pleadings and the record, the Court concludes McIntyre's petition is untimely and he is not entitled to equitable tolling. The Court will accordingly deny McIntyre's petition as time barred. Additionally, the Court will deny McIntyre a certificate of appealability.

---

[1] Pet'r's Pet. at 2, ECF No. 1.

[2] *Id.* at 6–7.

[3] *Id.* at 8.

[4] Resp't's Resp. at 1, ECF No. 7.

## BACKGROUND AND PROCEDURAL HISTORY

Davis has custody of McIntyre pursuant to a judgment and sentence imposed by the 112th District Court of Pecos County, Texas.[5] A jury found McIntyre guilty on two counts of indecency with a child by contact, one count of attempted aggravated sexual assault of a child, and three counts of aggravated sexual assault of a child. The trial court sentenced McIntyre to three terms of twenty years' imprisonment and three terms of seventy-five years' imprisonment, all sentences to run concurrently.

McIntyre timely appealed his convictions and sentences,[6] and the Texas Eighth Court of Appeals denied him relief in an opinion issued on December 19, 2014.[7] The Texas Court of Criminal Appeals dismissed McIntyre's petition for discretionary as untimely on April 1, 2015.[8] McIntyre filed a state writ of habeas corpus application on July 6, 2015,[9] which the Court of Criminal Appeals denied without written order on July 13, 2016.[10]

McIntyre dated and presumably placed his federal petition in the prison mail system on May 2, 2017.[11] In his petition, he asserts three grounds for relief. First, he claims that after his

---

[5] Clerk's R., *State v. Mcintyre*, vol. II, J. of Conviction by Jury, pp. 133–136, ECF No. 9-19.

[6] *Id.*, Notice of Appeal, p. 162, ECF No. 9-19.

[7] *McIntyre v. State*, No. 08-12-00099-CR, 2014 WL 7234619, at *1–3 (Tex. App.—El Paso 2014, pet. dismissed).

[8] Electronic R., Tex. Ct. of Criminal Appeals, *McIntyre v. State*, PD-0085-15, ECF No. 9-1.

[9] State Writ R., *Ex parte McIntyre*, WR-84,716-02, Application for Writ of Habeas Corpus, pp. 24–61, ECF No. 9-32.

[10] *Id.*, Action Taken, ECF No. 9-28.

[11] Pet'r's Pet. at 12. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a pro-se prisoner's habeas corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court)

counsel requested school records which would disprove the allegations in the original indictment, "the prosecutor chang[ed] the offense dates without consulting with the complainant" and re-indicted Petitioner.[12] Second, he maintains that the State initially indicted him for a non-existent offense, and later re-indicted him for an actual offense without first seeking a new affidavit from the victim.[13] Finally, he asserts that his trial counsel provided constitutionally ineffective assistance when he (1) failed to perform any pretrial investigation and interview the prosecution's witnesses, (2) failed to file a motion to dismiss the counts which alleged nonexistent offenses in the original indictment, (3) failed to challenge the prosecutor's act of changing the dates in the indictment without consulting the complainant, (4) failed to present expert witnesses, and (5) impeded his right to testify.[14] Petitioner asks the Court to "grant him the relief to which he may be entitled."[15]

Davis maintains the Court should deny the federal habeas petition as time-barred.[16] She explains McIntyre's "one-year limitation period ended on January 26, 2017" and his "federal writ petition, filed on May 2, 2017, is untimely by over three months.[17] She also asserts "McIntyre is not entitled to equitable tolling."[18]

McIntyre moved the Court for an extension of time to file a response, which the Court

---

(citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[12] Pet'r's Pet. 6–7, ECF No. 1.
[13] *Id.*
[14] *Id.* at 8–9.
[15] *Id.* at 12.
[16] Resp't's Resp. at 1.
[17] *Id.* at 7–8.
[18] *Id.* at 9–12.

granted.[19] However, McIntyre never responded to Davis's answer.

## APPLICABLE LAW

Claims under § 2254 are subject to a one-year statute of limitations.[20] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[21]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[22] "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery."[23]

Additionally, the limitations period is not jurisdictional and is subject to equitable

---

[19] Pet'r's Mot. for Extension, ECF No. 10.

[20] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[21] *Id.* §§ 2244(d)(1)(A)–(D).

[22] *Id.* § 2244(d)(2).

[23] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

4

tolling.[24] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[25] It is justified only "'in rare and exceptional circumstances.'"[26] Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'"[27] Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[28] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[29] Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling.[30] In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[31]

## ANALYSIS

As an initial matter, McIntyre does not indicate that any unconstitutional "State action"

---

[24] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[25] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[26] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[27] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[28] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[29] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[30] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[31] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

prevented him from timely filing his application for federal habeas relief.[32] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[33] Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[34] Thus, McIntyre's limitations period began to run when his judgment of conviction became final.[35]

The Eighth Court of Appeals affirmed McIntyre's convictions and sentences on December 19, 2014.[36] Thus, McIntyre's conviction became final thirty days later on January 18, 2015, when the period for him to seek discretionary review expired.[37] The one-year statute of limitations for McIntyre's federal habeas action expired one year later on January 18, 2016, absent statutory tolling of the limitations period.[38]

### A. Statutory tolling

The federal limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"[39] McIntyre filed an application for a state writ of habeas corpus

---

[32] 28 U.S.C. § 2244(d)(1)(B).

[33] *Id.* § 2244(d)(1)(C).

[34] *Id.* § 2244(d)(1)(D).

[35] *Id.* § 2244(d)(1)(A).

[36] *McIntyre*, 2014 WL 7234619.

[37] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 26.2 (a)(1). *See* Electronic R., Tex. Ct. of Criminal Appeals, PD-0085-15, ECF No. 9-1. ("explaining the Court of Criminal Appeals dismissed McIntyre's petition for discretionary as untimely on April 1, 2015.

[38] In his petition, McIntyre asserts that his conviction became final when the Texas Court of Appeals issued its mandate on May 20, 2015. This is not a correct calculation of the finality of his conviction for purposes of the federal statute of limitations. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

[39] 28 U.S.C. § 2244(d)(2). *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

on July 6, 2015, after 169 days of the one-year statute of limitations had passed.[40] This application tolled the statute of limitations until July 13, 2016, when the Texas Court of Criminal Appeals denied him relief.[41] McIntyre then had 196 days—or until January 25, 2017—to timely file his federal habeas petition. McIntyre dated and presumably placed his federal petition for a writ of habeas corpus in the prison mail system on May 2, 2017.[42] Thus, he did not file it within the one-year statute of limitations. The Court finds, therefore, that McIntyre's petition is time barred, and must be denied, unless he is entitled to equitable tolling.

B. **Equitable tolling**

A federal habeas petitioner is entitled to equitable tolling only if he shows he diligently pursued his rights and that some extraordinary circumstance prevented timely filing.[43] Moreover, the Fifth Circuit Court of Appeals requires a finding of "exceptional circumstances."[44] And it consistently finds there are no exceptional circumstances even in cases where a petitioner faces non-routine logistical hurdles in submitting a timely habeas application.[45] It explains equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that "excusable neglect" does not support equitable tolling.[46]

---

[40] State Writ R., *Ex parte McIntyre*, WR-84,716-02, Application for Writ of Habeas Corpus, pp. 24–61, ECF No. 9-32.

[41] *Id.*, Action Taken, ECF No. 9-28.

[42] Pet'r's Pet. at 12.

[43] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010), *citing Holland*, 560 U.S. at 649.

[44] *Davis*, 158 F.3d at 811.

[45] *Fisher*, 174 F.3d at 715; *Cantu-Tzin v. Johnson*, 162 F.3d 295, 297 (5th Cir. 1998).

[46] *Coleman*, 184 F.3d at 402.

McIntyre argues the Court should equitably toll the limitations because he did not receive notification that the Court of Criminal Appeals had denied his state habeas application until January 23, 2017, over six months after it was denied.[47] A delay in receiving notification of the denial of a state habeas application can serve as a basis for equitable tolling if such a delay is "exceptional."[48] In such an instance, the diligence of the petitioner is of foremost concern as "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief."[49] "[E]quity is not intended for those who sleep on their rights."[50]

The record does not support a conclusion that McIntyre displayed the requisite diligence necessary for the Court to equitably toll the limitations. It shows McIntyre allowed almost six months to pass between the time his conviction became final and the time he filed his state habeas application.[51] It also shows McIntyre delayed filing a status request on his state writ application until January 18, 2017—or seven months after he filed it and six months after the Court of Criminal Appeals denied it.[52] It further shows—assuming that McIntyre did not receive notice of the denial of his state application until January 23, 2017—he still waited more than

---

[47] Pet'r's Pet. at 9.

[48] *Phillips*, 216 F.3d at 511; *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

[49] *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). *See also Hardy*, 577 F.3d at 598 ("To warrant tolling under such circumstances, a petitioner must show that he 'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification.").

[50] *Fisher*, 174 F.3d at 715.

[51] *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010); *Schmitt v. Zeller*, 2009 WL 4609850, at *2 (5th Cir. 2009) ("[S]quandering most of the year available under § 2244 is a factor in deciding whether equitable tolling should be allowed for problems that arise in later filing the federal petition.").

[52] Letter, Status of Pending 11.07 Writ of Habeas Corpus Application, Jan. 18, 2017, ECF No. 9-31.

three months after he received the notice to file his federal petition.[53]

McIntyre has failed to meet his burden of showing that he diligently pursued his rights or that some extraordinary circumstance prevented timely filing his federal petition. The Court finds, therefore, that McIntyre's petition is time barred, he is not entitled to equitable tolling, and his petition must be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[54] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[55] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[56] Although McIntyre has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[57]

---

[53] *Compare Hardy*, 577 F.3d at 600 (finding diligence where petitioner waited only seven days to file his federal petition after obtaining notice that the Texas Court of Criminal Appeals denied his state applications), *with Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013) (finding no diligence where the petitioner spent seven months of statute of limitations period seeking an attorney and did not file protective petition after discharging attorney).

[54] 28 U.S.C. § 2253(c)(1) (2012).

[55] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[56] *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *United States v. Kimler*, 150 F.3d 429, 431, & n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[57] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[58] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[59] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[60]

Here, McIntyre is not entitled to a certificate of appealability because jurists of reason would not debate the Court's conclusion that his claims are time barred and he is not entitled to equitable tolling.

## CONCLUSION AND ORDERS

After carefully reviewing the petition and record, the Court finds that McIntyre's claims are time-barred and that he is not entitled to equitable tolling. The Court therefore concludes that McIntyre is not entitled § 2254 relief. Further, the Court concludes McIntyre is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner George Bell McIntyre's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

---

[58] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

[59] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[60] *Id.*

IT IS FURTHER ORDERED that Petitioner George Bell McIntyre is DENIED a CERTIFICATE OF APPEALABILITY.

IT IS ALSO ORDERED that all pending motions, if any, are DENIED AS MOOT.

IT IS FINALLY ORDERED that the Clerk shall CLOSE this case.

SIGNED this 21ST day of February, 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE